**1. MARRIAGE—VALIDITY—DISAPPEARANCE OF FIRST HUSBAND.**

Where a husband disappeared and was absent for five years, and his wife had reason to believe that he was dead, her second marriage in good faith was valid as to all the world, unless the first husband reappears and institutes an action to annul the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 30.]

**2. WILLS—REVOCATION.**

A marriage of a woman five years after the disappearance of her first husband and the birth of a child accomplishes the revocation of the will of the second husband previously executed.

In the matter of the probate of the last will of Vergilio Del Genovese. Probate denied.

Alexander C. Young (Theodore G. Lewis, of counsel), for proponent.

Charles Forster (Harry E. Lewis, of counsel), for contestants.

Moses J. Harris, special guardian, for Francesca Del Genovese.

John Oscar Ball, for Eusebio Ghelardi and others.

CHURCH, S. The contestants resist the probate of the will on the ground that subsequent to its execution the decedent married the contestant, Fidelma Del Genovese, and that, therefore, under the statute the will is revoked. It appears, without question, that Fidelma Del Genovese, at the time she claims to have been married to the deceased, had and at the present time has a husband living to whom she had been married previous to her marriage to the deceased, known as Eduardo Lopez. She alleges, however, that said Eduardo Lopez disappeared and she was absolutely unable to get any trace of him; but, ascertaining that one Eduardo Lopez had died out West and believing that this was possibly her husband, she, at the expiration of five years, contracted the marriage relation with the deceased. The statute provides that, where one of the parties to a marriage has disappeared for over five years and no trace of his whereabouts can be obtained, the survivor may marry again, and such marriage is not necessarily void. The first question to be considered, therefore, is whether the disappearance of Lopez was such as in good faith to justify the contestant in believing that she had the right to remarry.

Without reviewing the testimony in detail, it abundantly appears, irrespective of the testimony of the wife of Lopez and the deceased, that Lopez had disappeared and that the marriage with the deceased was contracted by her in good faith. That being so, it follows as a matter of law that such marriage is not absolutely void, as is the

case ordinarily where a person marries, having a husband or wife living, but is good as to all the world unless the first husband reappears and institutes an action to annul the same. Gall v. Gall, 114 N. Y. 109, 21 N. E. 106. This right is personal to him, and, not having exercised it, the marriage is to be treated as in all respects valid and binding. The only case which is offered by the proponent as disputing this doctrine is that of Spicer v. Spicer, 16 Abb. Prac. (N. S.) 112. The reasoning of that case is clearly in defiance of the statute, and it seems to have been very generally ignored by the higher courts in this state. It cannot, therefore, be regarded as a precedent which the courts should be obliged to follow.

The remaining question is whether the child of Fidelma Del Genovese is to be recognized as the legitimate child of the deceased. The evidence establishes that the deceased was the father of this child, and that she was born before the marriage between the deceased and Fidelma Lopez, and before the expiration of the five-year period in which she would have been justified in assuming that Lopez was dead. The general doctrine that a child born during lawful wedlock is to be presumed the child of such parents is unquestioned, but nonaccess of the husband may be shown as any other fact; and, if it is proved by competent evidence, then such presumption fails. In this case the proof shows beyond doubt that such child could not have been the child of Eduardo Lopez, but is the child of the deceased. In fact, the proponents do not seriously dispute this, but allege that the testimony of its mother is incompetent to prove it. In my judgment her evidence did not offend against the rule prohibiting the husband or wife from testifying as to nonaccess. But, if we reject her evidence entirely, it appears from the overwhelming weight of other evidence in the case that this child could not have been the child of Eduardo Lopez, but must have been the child of the deceased. That being so, the statutes provide that, if the parents of a child who would otherwise be illegitimate subsequently marry, then the birth of such child is legitimatized. As it is shown in this case beyond question that Fidelma Lopez and the deceased, at a period subsequent to the birth of this child and at a period when, as has been proved, they had a right to contract marriage, did marry, it follows that the child became the legitimate child of the deceased.

The execution of the will under review was completely revoked by the marriage of the deceased and the birth of lawful issue. Upon a proper application made by the widow, she is entitled to letters of administration. In the present proceeding, however, the decree should simply refuse probate.

Probate denied.